KENT, October term, 1845. This was a certiorari directed to justices Pratt and Stevenson, to send up the record in a case of holding over demised premises.
The record returned, showed that a warrant was issued by the said justices, on the 22d of May, 1845, under the act "concerning forcible entries and detainers, and also concerning tenants holding over their terms after notice to quit." (Dig. 283.) The parties appeared; a jury of twelve men was summoned and qualified, and *Page 366 
"after a full investigation of the case," rendered a verdict for the plaintiff in the following words, viz.: We the subscribers, jurors duly sworn or affirmed, to inquire diligently and impartially concerning the complaint stated in the annexed warrant, and to find a true verdict thereupon according to the evidence, upon our oaths and affirmations respectively do find for the plaintiff; and we do assess the damages on occasion of the premises to the sum of five dollars, lawful money of the United States. Witness our hands," c. c. [Signed by all the jurors.] The record then proceeded as follows: "upon the verdict for the plaintiff, the justices give judgment for the plaintiff, that the plaintiff have possession of the premises, and recover against the defendant cost of suit; and a warrant for delivery and levying the cost is thereupon awarded. Judgment for damages $5; cost of suit $22 87." Warrant of possession issued; and also execution for damages and costs. The exceptions were: 1. That the judgment did not follow the verdict, nor agree with the same, nor was it warranted by the act of assembly; because the verdict finds the amount of damages, and the judgment was for costs only. 2. Because the execution did not follow the judgment, it being for damages, where there was no judgment for any damages.
Frame, for the exceptant. — The only authority the justices have in such case as this, is derived from the act of assembly. (Dig. 283.) They have no common law powers in the matter. Their judgment must follow the finding of the jury, and not be other or different from it. It is equally clear that the execution must follow the judgment, which this does not. The execution agrees with the verdict, but not with the judgment.
Comegys, for plaintiff. — The whole entry of judgment must be taken together. That portion of it which is expressed by words only, forms only a part of the judgment: it is completed by that which follows, and the whole makes a complete judgment, such as the act of assembly requires. But if the court consider that the written words only constitute the judgment of the justices, and that they are in themselves insufficient to make such a judgment as the law requires, still the defendant insists that such entry is aided and made complete by reference to the summing up of the judgment which follows, upon the principle of the case of Booth Jump, 2 Harr. 461. Again; the defendant insists, that if the court should be of opinion that the entry of judgment aforesaid is insufficient, yet the judgment ought not to be reversed; because there is sufficient upon the face of the proceedings to warrant the court in directing an *Page 367 
amendment: that is, the verdict of the jury, the short entry of judgment, and the execution which was issued. (Dig. 290, § 15.)
The objection to the execution of course fails if the court determine the judgment to be sufficient; but the execution is according to the form prescribed by law.
Frame, replied.
By the Court:
1. The record shows that the verdict was in exact conformity with the act of assembly; the judgment which follows, is partly in form drawn out, and partly in short, in words and figures; and signed by the justices. It is a judgment for damages, as well as for costs, and for restoration of the premises.
The argument in opposition to this judgment, proceeded on the ground that the justices exceeded their jurisdiction, which is a special one, and they ought to be held strictly within the delegated powers. The matter found by the jury was damages as well as costs, and the justices rendered a judgment for damages as well as costs. The act prescribes no form for the entry of judgment, and enough appears on the face of this record to show not only that the justices intended to give judgment for damages but did give that judgment. We cannot perceive any difference in principle, as to the construction of this judgment between this case and the case of Booth vs. Jump, 2Harr. Rep. 461.
2. The execution follows the judgment, and is in entire conformity with the form prescribed by the act.
 Judgment affirmed.